# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL KEITH COWANS,<br><br>         Petitioner,<br><br>   v.<br><br>WARDEN JAMES D. HARTLEY,<br><br>         Respondent. | 1:08-cv-01840-OWW-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DENY RESPONDENT'S MOTION TO DISMISS THE PETITION AS MOOT AND SUCCESSIVE (Doc. 17)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION AS CONTAINING UNEXHAUSTED CLAIMS (Doc. 11)<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 1, 2008, Petitioner filed his petition for writ of habeas corpus in this Court.  (Doc. 1).

Petitioner challenges the April 9, 2007 decision by Governor Arnold Schwarzenegger to reverse a November 15, 2006 grant of parole by the Board of Parole Hearings ("the Board"). (Doc. 1).  Petitioner raises three claims in the instant petition: (1) Gov. Schwarzenegger's reversal of the Board's grant of parole was not supported by "some" evidence; (2) Gov. Schwarzenegger exceeded the scope of his "review" authority, i.e., failing to rebut the presumption that the Board fully and fairly considered all of the relevant information, in violation of Petitioner's due process rights; and (3) Gov. Schwarzenegger's authority to reverse the Board

arose after Petitioner's conviction and is thus a violation of the federal ex post facto law. (Id., pp. 10-11).

On March 19, 2009, the Court ordered Respondent to file a response to the petition. (Doc. 6). On May 13, 2009, Respondent filed the instant motion to dismiss, contending that Grounds One and Two had not been exhausted in state court because Petitioner had not "fairly presented" those claims to the California Supreme Court as federal claims. (Doc. 11). Petitioner filed an opposition to the motion to dismiss, arguing that he had in fact referred in his state petitions to violations of due process, that he had cited some federal case law, and that he had cited the Fourteenth Amendment in his Table of Authorities. (Doc. 13). Respondent then filed a reply to Petitioner's opposition. (Doc. 14).

On December 8, 2009, Petitioner filed a Notice of Change of Address with this Court, indicating that he had been released on parole. (Doc. 15). Along with the change of address, Petitioner also filed a motion to continue the case, arguing that the case should not be deemed moot just because he had been released on parole. (Id.). On January 4, 2010, Respondent filed an opposition to Petitioner's motion to continue the case, contending that the case was moot because Petitioner had received the relief that he had requested in the petition, i.e., release on parole, and that the petition was a second and successive petition because Petitioner was seeking the same remedy as he had sought in a prior federal petition. (Doc. 17).

For purposes of this Findings and Recommendations, the Court will consider Respondent's mootness and "second and successive petition" arguments as being additional grounds for Respondent's motion to dismiss. For the reasons discussed below, the Court does not agree with Respondent either that the case is moot or that it constitutes a second and successive petition. However, the Court does agree with Respondent that Grounds One and Two in the instant petition are not exhausted because Petitioner's failed to fairly present those claims as federal constitutional violations in the California Supreme Court. Therefore, the Court will recommend that, before dismissing the petition as a mixed petition, Petitioner should be given the option of withdrawing his unexhausted claims and proceeding solely on Ground Three.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains two unexhausted claims and because the petition is moot.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on mootness, being a second and successive petition, and for lack of exhaustion.  Because Respondent's Motion to Dismiss is similar in procedural standing to a Motion to Dismiss for failure to exhaust state remedies or for state procedural default and because Respondent has not yet filed a formal Answer, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.

B.  The Petition Is Not Moot.

"Article III, Section 2 of the United States Constitution establishes the scope of federal court jurisdiction, which includes 'all Cases...arising under this Constitution...[and] Controversies to which the United States shall be a Party....'" Burnett v. Lampert, 432 F.3d 996, 999 (9th Cir. 2005).  The "case or controversy" requirement of Article III deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70  (1983);

NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). Mootness is jurisdictional. Id.; Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003)([F]ederal courts "have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists.").

      A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court has no power to decide cases that do not affect the rights of litigants in the case before them. Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). To avoid dismissal on mootness grounds, the Court must determine that the habeas petitioner continues to have a "personal stake in the outcome of the lawsuit." United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir.), cert. denied, 534 U.S. 878, 122 S.Ct. 178 (2001). In this regard, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision." Spencer v. Kenna, 523 U.S. 1, 7, 118 S.Ct. 978 (1998); Iron Arrow, 464 U.S. at 70 ("To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision." ); Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 38 (1976); NAACP, Western Region, 743 F.2d at 1353.. However, the "party moving for dismissal on mootness grounds bears a heavy burden." Hunt v. Imperial Merchant Services, Inc., 560 F.3d 1137, 1141 (9th Cir. 2009)(quoting Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004)).

      Here, Petitioner was convicted of first degree murder on July 13, 1979 in the Superior Court of Ventura County, California, and on August 10, 1979, he was sentenced to a prison term of twenty-five years to life. (Doc. 1, p. 7). Prior to the Board's 2006 grant of parole, Petitioner had been denied parole on five earlier occasions. (Doc. 11, Ex. 1, p. 33). In an earlier federal habeas petition filed in the United States District Court, Central District of California ("Central District"), case no. 05-cv-6276 RSWL OP, Petitioner challenged the Board's 2001 and 2003 denials of parole. (Doc. 15, p. 3). Ultimately, the Central District granted the petition and ordered that Petitioner be immediately released from custody and discharged from parole. (Id.). Respondent appealed only the remedy, i.e., immediate discharge from parole, not the grant of

parole itself, to the United States Court of Appeals, Ninth Circuit ("Ninth Circuit"), where the appeal is currently pending. (Id.). As mentioned, as of December 8, 2009, while this motion to dismiss was pending, Petitioner had been released on parole. (Id., p. 1).

A habeas petition is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing the writ of habeas corpus. Spencer, 523 U.S. at 7; Burnett, 432 F.3d at 1000-1001. The question of when a collateral attack on a parole denial is rendered moot by a subsequent grant of parole is one that has recently been addressed by several district courts in California.[1] In those cases where the petitioner has been relieved of any and all parole outright, the habeas petition has been found moot. See Hamilton v. Schwartz, 2009 WL 2380093, at *2-3 (C.D. Cal. July 30, 2009). Likewise, it has been suggested that if a petitioner is subsequently released on parole for a term of life, there may be no further remedy that the court can fashion, even if he prevailed on his challenge to an earlier parole denial. See Thomas v. Yates, 637 F.Supp.2d 837 (E.D.Cal. 2009). But see Thompson v. Carey, 2009 WL 1212202, at *4-5 (E.D. Cal. May 5, 2009).

However, where, as here, a petitioner has subsequently been released to a determinate period of parole supervision, federal courts have concluded that the petitioner, should he prevail, may still obtain an order from the district court directing California authorities to credit him with the time served in prison in violation of his constitutional rights towards his determinate period of parole supervision. See McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003)(noting that the appropriate remedy was immediate release without parole supervision where petitioner's parole supervision period would have elapsed but for the constitutional violation); Thomas v. Yates, 637 F.Supp.2d at 840-842 (concluding that the habeas petition challenging the denial of parole was not rendered moot despite petitioner's release to a determinate term of parole because

---

[1] Under California law, "an inmate-turned-parolee remains in the legal custody of the California Department of Corrections [and Rehabilitation] through the remainder of his term, and must comply with all of the terms and conditions of parole, including mandatory drug tests, restrictions on association with felons or gang members, and mandatory meetings with parole officers." Samson v. California, 547 U.S. 843, 851, 126 S.Ct. 2193 (2006). The restrictions imposed on a parolee constitute a concrete injury for purposes of a mootness analysis. See, e.g., Spencer, 523 U.S. at 7-8 (restrictions imposed by the terms of the parole constitute a concrete injury); Jones v. Cunningham, 371 U.S. 236, 243, 83 S.Ct. 373 (1963)(same). Therefore, release on parole does not moot a habeas challenge to a prior parole denial in all instances.

the court could afford petitioner a remedy with respect to the length of that parole term); Thompson v. Carey, 2009 WL 453053, at *4 (E.D. Cal. Feb. 23, 2009)(concluding that "petitioner is entitled to be placed in a position he would have been in had he been released [on parole] on time."); Basque v. Schwartz, 2009 WL 187920, at *2-3 (E.D.Cal. Jan. 20, 2009)(denying motion to dismiss petition as moot where, if he prevailed, petitioner could obtain a reduction in the mandatory parole term by the amount of excess time spent in prison); Carlin v. Wong, 2008 WL 3183163 (N.D. Cal. Aug. 4, 2008)("Here, petitioner is entitled to credit against his parole period for his time in confinement that was in violation of his due process rights."). In such instances, courts have uniformly found that a petition for writ of habeas corpus challenging an earlier parole denial on constitutional grounds has not been rendered moot. Id.; see also Stephenson v. Martell, 2009 WL 2824738, at *2 (E.D. Cal. Sept. 1, 2009)(petition not moot where petitioner convicted in 1976 could receive discharge or reduction of 3-year parole supervision period); Cunningham v. Finn, 2009 WL 3673311, at *1 (E.D. Cal. Nov. 3, 2009)(petition not moot where petitioner convicted in 1981 could receive reduction or immediate discharge of his parole supervision period).

That is the case here. As noted above, Petitioner was sentenced in 1979 to a term of twenty-five years to life for a first degree murder conviction. Effective December 8, 2009, Petitioner alleges that he has been released on parole supervision for a period of three years. (Doc. 15, p. 3). California Penal Code § 3000.1, which imposes a lifetime parole term for "any inmate sentenced...for any offense of first or second degree murder with a maximum term of life imprisonment," does not apply to Petitioner since his crime was committed prior to January 1, 1983, the effective date of § 3000.1. See Thomas v. Yates, 637 F.Supp.2d at 841, *citing* In re Chaudhary, 172 Cal.App.4th 32, 34 (Cal.App. 2009)(stating that § 3000.1 applies to crimes committed after January 1, 1983).

Petitioner contends that should he prevail on the pending petition, he would be entitled to discharge from his parole supervision--or would at least be entitled to a significant reduction in his period of parole supervision--because of the additional years he has served in confinement in violation of his constitutional rights. (Doc. 15, p. 3). The Court agrees. Specifically, if this

6

1  Court were to determine that Petitioner's rights were violated in April 2007, when the Governor
2  of California reversed the Board's 2006 grant of parole, Petitioner's mandated 3-year period of
3  parole would thus have commenced in April 2007 and would expire in April 2010. McQuillion,
4  342 F.3d at 1015; Thomas v. Yates, 637 F.Supp.2d at 841.  Under those circumstances, the case
5  or controversy is not moot because there is a remedy that the Court could fashion for Petitioner,
6  i.e., a reduction of his parole supervision period, or outright discharge from parole.  Thus,
7  Respondent has not met his heavy burden of establishing that dismissal is appropriate on
8  mootness grounds.  See Hunt, 560 F.3d at 1141; Demery, 378 F.3d at 1025.

       C.   The Petition Is Not A Second And Successive Petition.

       A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1).[2]  The Court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that: 1) the claim rests on a new, retroactive, constitutional right, or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or

---

[2] Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997).

successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Respondent argues that because the instant petition seeks release on parole for Petitioner, and since that same relief was sought by Petitioner, successfully, in a prior habeas proceeding in his Central District petition challenging denials of parole by the Board in 2001 and 2003, Petitioner is "not entitled to pursue multiple opportunities to receive overlapping orders for habeas relief."  (Doc. 17, p. 2).  Respondent reasons that "[a]s the Central District has already issued an order granting Cowans' release without parole, this Court should not entertain Cowans' duplicative dispute over his parole period."  (Id.).

Respondent's argument is not well taken.  Section 2244(b)(1) is inapplicable here because Petitioner is not raising the "same grounds" as in the Central District proceedings.  In that earlier proceeding, Petitioner challenged the Board's 2001 and 2003 denials of parole suitability.  In the instant petition, Petitioner is challenging Gov. Schwarzenegger's 2007 reversal of the Board's 2006 grant of parole suitability, an entirely different set of circumstances and events.  The fact that, in both proceedings, Petitioner is ultimately seeking release on parole does not mean that the instant petition is a second and successive petition within the meaning of 28 U.S.C. § 2244(b)(2).  Respondent does not cite, and the Court is not aware of, any authority that, under such circumstances, the instant petition would be barred without first obtaining permission of the Ninth Circuit.  Indeed, Respondent's argument leads to the absurd result that a petitioner could only challenge one parole denial hearing by a federal habeas petition, while all subsequent challenges to all subsequent parole denial hearings would require prior approval of the Ninth Circuit merely because the petitioner is seeking the same relief, i.e., parole.  Nothing in the AEDPA, or the cases interpreting the AEDPA, suggest a Congressional intent to so restrict federal petitioners.

D.  Grounds One And Two Are Not Exhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).

The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). The United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

9

> In <u>Johnson,</u> we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons</u>, 232 F.3d at 668-669 (italics added).

As Respondent correctly observes, in Petitioner's petition for review in the California Supreme Court, Petitioner refers generally to violations of "due process" on several occasions without articulating a leal theory based on federal law. (Doc. 11, Ex. 1, pp. 6; 7; 8; 32). Petitioner does not expressly identify these "due process" claims as being premised on federal law nor does he cite any federal cases holding either that the absence of "some evidence," or that the Governor's failure to presume that the Board fully and fairly considered Petitioner's case, rise to the level of federal due process violations. More importantly, Petitioner never articulates the legal reasons why such actions by the Governor implicate federal due process concerns. Fair presentation of a federal claim requires more than just the rote recitation of broad legal principles like "due process." See <u>Gray v. Netherland</u>, 518 U.S. 152, 162-163, 116 S.Ct. 2074 (1996); <u>Casey v. Moore</u>, 386 F.3d 896, 913 (9th Cir. 2004)(references to "constitutional error" and deprivation of a fair trial," bolstered only by state law cases, was insufficient to fairly present federal constitutional issues).

Petitioner complains that Respondent would require him to utter the "talismanic mantra" of "due process of law under the Fourteenth Amendment to the Constitution of the United States." (Doc. 13, p. 1). Petitioner misses the point. There is nothing talismanic about phrases such as "due process" or "constitutional violation." Were that not the case, the exhaustion requirement would be satisfied here by Petitioner's utterance of those phrases in state court. Rather, as mentioned previously, the issue is whether Petitioner has "fully and fairly" presented the claims to the highest state court so that, for reasons of comity, the state court has been alerted to the fact that Petitioner is actually raising a federal claim, rather than a state due process claim, and would then have a realistic opportunity, in the first instance, to rule on the federal claims so presented. See <u>Lyons</u>, 232 F.3d at 668-669; <u>Duncan</u>, 513 U.S. at 365-66. Such a full and fair presentation relies not on "magic" words, but rather on explicit reasoning that connects the challenged state action with the claimed deprivation of a federal constitutional right. Petitioner

has failed both to alert the California Supreme Court to the presence of any federal constitutional claims and to articulate to the California Supreme Court a legal theory for why the state actions complained of, i.e., the decisions of the Governor of California, necessarily resulted in a violation of Petitioner's federal due process rights. Petitioner appears to believe that such due process arguments are implicit in the Governor's actions, presumably because those decisions affect Petitioner's freedom, and therefore are obvious to any state jurist. They are not. See Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)("[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record. The ground relief upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs hunting for truffles buried in briefs.").

Petitioner's argument that he included the "Due Process Clause" in his Table of Authorities in the instant petition, is unavailing. Although it is correct that the Table of Authorities for the instant petition lists "Due Process Clause" under "United States Constitution" as relating to "Grounds One & Two," (Doc. 1, p. 4), the issue here is not whether Petitioner states a federal claim as to Grounds One and Two *in the instant petition*, but whether he exhausted those federal claims *in state court* by fairly presenting them to the California Supreme Court. Respondent's motion to dismiss is not based on Petitioner's failure to state a federal claim in the instant petition, but rather on a failure to exhaust those claims in the California Supreme Court.

Petitioner's contention that he invoked the federal standard for a "liberty interest" by citing In re Rosenkrantz, 29 Cal.4th 616 (2002), which, Petitioner maintains, simply adopted the federal due process standard in Superintendent v. Hill, 442 U.S. 445 (1985), is equally unpersuasive. (Doc. 13, p. 2). As Respondent correctly argues, in deciding Rosenkrantz, the California Supreme Court explicitly limited its decision to determining the state due process standards applicable to parole suitability determinations; the state high court indicated it had "no occasion to determine" what process the federal constitution required. Id. at 658, n. 12. Accordingly, the mere citation of a state case that refers to federal standards, but expressly

disavows making any determination based on those standards, can hardly be considered to have "fairly presented" a federal claim to the California Supreme Court. See, Lyons, 232 F.3d at 668-669.

Petitioner does contend, in his Reply in the California Supreme Court, that federal due process requires certain minimal safeguards, e.g., a hearing at which the inmate is present, an opportunity to speak and present evidence or rebut evidence, and a statement of reasons. (Doc. 11, Ex. 5, p. 9). Petitioner cites federal cases in support of this proposition. However, as Respondent correctly points out, Petitioner's "due process" claims in the instant petition are based on the absence of "some evidence" to support the Governor's reversal of the Board's decision and the Governor's failure to give deference to the presumption that the Board had fully and fairly considered the risks posed by Petitioner should he be released. Nowhere in the instant petition does Petitioner allege that his due process rights were violated because he was not present when the Governor reversed the Board, or that he was not afforded a chance to speak on his own behalf or present evidence to the Governor, or that the Governor failed to provide reasons for his decision. Accordingly, the fact that such issues may have been "fairly presented" to the California Supreme Court are irrelevant to the Court's analysis of Respondent's motion to dismiss.[3]

Based on the foregoing, the Court concludes that Grounds One and Two were not exhausted in the California Supreme Court. Respondent does not contend that Ground Three has not been exhausted. Thus, the petition is a mixed petition, containing both exhausted and unexhausted claims. Under such circumstances, the Court will recommend granting Respondent's motion to dismiss the mixed petition. Rhines v. Weber, 544 U.S. 269, 273, 125 S.Ct. 1528 (2005). However, the Court will also recommend that, before entering a judgment of dismissal, the Court grant leave for Petitioner to file an amended petition containing only the

---

[3] Petitioner also appears to argue that the California Supreme Court would have realized he was asserting a federal claim by looking at the claims he had raised in lower courts. (Doc. 13, p. 3). However, exhaustion is not satisfied if the state high court must go to lower court documents to discover a federal claim. Baldwin v. Reese, 541 U.S. 27, 124 (2004)(claim not "fairly presented" when the Oregon Supreme Court could only discover federal claim by reading lower court opinions in same case).

12

fully exhausted Ground Three as an alternative to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-522 (1982); Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005)(citing Rhines).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS:

1. That Respondent's motion to dismiss the petition for mootness and as a second and successive petition (Doc. 17), be DENIED;

2. That Respondent's Motion to Dismiss the petition for writ of habeas corpus (Doc. 11), be GRANTED because the petition contains unexhausted claims; and,

3. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED, with leave for Petitioner to file an amended petition deleting the unexhausted claims and proceeding only on the exhausted claim.

This Findings and Recommendations is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 11, 2010**                    **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE