# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL KEITH COWANS,<br><br>             Petitioner,<br><br>     v.<br><br>WARDEN JAMES D. HARTLEY,<br><br>             Respondent. | 1:08-cv-01840-OWW-JLT HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO WITHDRAW GROUNDS ONE AND TWO (Doc. 21)<br><br>ORDER GRANTING PETITIONER'S MOTION TO FILE AN AMENDED PETITION AS TO GROUND THREE (Doc. 21)<br><br>ORDER REQUIRING PETITIONER TO FILE HIS AMENDED PETITION AS TO GROUND THREE WITHIN THIRTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 1, 2008, Petitioner filed his petition for writ of habeas corpus in this Court, challenging the April 9, 2007 decision by Governor Arnold Schwarzenegger to reverse a November 15, 2006 grant of parole by the Board of Parole Hearings ("the Board"). (Doc. 1). Petitioner originally raised three claims in his petition: (1) Gov. Schwarzenegger's reversal of the Board's grant of parole was not supported by "some" evidence; (2) Gov. Schwarzenegger exceeded the scope of his "review" authority, i.e., failing to rebut the presumption that the Board fully and fairly considered all of the relevant information, in violation of Petitioner's due process rights; and (3) Gov. Schwarzenegger's authority to reverse the Board

arose after Petitioner's conviction and is thus a violation of the federal ex post facto law. (Id., pp. 10-11).

On March 19, 2009, the Court ordered Respondent to file a response to the petition. (Doc. 6). On May 13, 2009, Respondent filed a motion to dismiss, contending that Grounds One and Two had not been exhausted in state court because Petitioner had not "fairly presented" those claims to the California Supreme Court as federal claims. (Doc. 11). On December 8, 2009, Petitioner filed a notice of change of address, indicating that Petitioner had been released on parole, arguing that the case was not moot, and requesting that the Court allow the proceedings to continue. (Doc. 15). On January 4, 2010, Respondent filed an opposition, arguing that because he had been released on parole, Petitioner's claims were now moot and successive. (Doc. 17).

On February 11, 2010, the Court issued Findings and Recommendations denying Respondent's motion to dismiss on grounds of mootness and that the petition was a second and successive petition. (Doc. 18). However, the Court recommended granting the motion to dismiss on the original grounds that Grounds One and Two were not exhausted. On March 19, 2010, the District Judge adopted the Findings and Recommendations, permitting Petitioner fifteen days to withdraw the unexhausted claims and proceed on Ground Three or face having the entire petition dismissed. (Doc. 20). On April 1, 2010, Petitioner filed the instant motion to proceed on Ground Three and to file an amended petition as to Ground Three. (Doc. 21).

**DISCUSSION**

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Because Respondent has previously filed a motion to dismiss, leave of Court is required before an amended petition may be filed.

In this instance, however, the amended petition that Petitioner seeks to file is, in reality, a

withdrawal of the two unexhausted claims, i.e., Grounds One and Two.  Although Petitioner indicates in his motion to amend that he wishes to "improve" Ground Three with "more recent rulings, evidence, information, or argument," the Court construes this request to indicate that Petitioner will merely update his legal citations and supplement the legal bases already presented, not that he will alter or modify the original claim in any significant way.  Thus, no prejudice to Respondent would obtain from granting such a request.  Moreover, in the Court's order adopting the Findings and Recommendations of February 11, 2010, the Court explicitly contemplated that Petitioner would move to withdraw Grounds One and Two and file an amended petition containing only Ground Three.  Accordingly, good cause has been shown for granting Petitioner's motion to amend under Rule 15(a).

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to withdraw Grounds One and Two (Doc. 21), is GRANTED;

2. Petitioner's motion to file an amended petition containing only Ground Three (Doc. 21), is GRANTED;

3. Petitioner is granted thirty (30) days from the date of service of this order within which to file his amended petition as to Ground Three.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:  **May 3, 2010**                                      **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE