# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL KEITH COWANS, | 1:08-cv-01840-OWW-JLT HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO GRANT PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE FIRST AMENDED PETITION (Doc. 34) |
| v. | |
| WARDEN JAMES D. HARTLEY, | ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS |
| Respondent. | |

### PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 1, 2008, Petitioner filed his petition for writ of habeas corpus in this Court, challenging the April 9, 2007 decision by Governor Arnold Schwarzenegger to reverse a November 15, 2006 grant of parole by the Board of Parole Hearings ("the Board").  (Doc. 1).  Petitioner originally raised three claims in his petition: (1) Gov. Schwarzenegger's reversal of the Board's grant of parole was not supported by "some" evidence; (2) Gov. Schwarzenegger exceeded the scope of his "review" authority, i.e., failing to rebut the presumption that the Board fully and fairly considered all of the relevant information, in violation of Petitioner's due process rights; and (3) Gov. Schwarzenegger's authority to reverse the Board arose after Petitioner's conviction and is thus a violation of the federal ex post facto law.  (Id.,

pp. 10-11).

On March 19, 2009, the Court ordered Respondent to file a response to the petition. (Doc. 6). On May 13, 2009, Respondent filed a motion to dismiss, contending that Grounds One and Two had not been exhausted in state court because Petitioner had not "fairly presented" those claims to the California Supreme Court as federal claims. (Doc. 11). On December 8, 2009, Petitioner filed a notice of change of address, indicating that Petitioner had been released on parole, arguing that the case was not moot, and requesting that the Court allow the proceedings to continue. (Doc. 15). On January 4, 2010, Respondent filed an opposition, arguing that because he had been released on parole, Petitioner's claims were now moot and successive. (Doc. 17).

On February 11, 2010, the Court issued Findings and Recommendations denying Respondent's motion to dismiss on grounds of mootness and that the petition was a second and successive petition. (Doc. 18). However, the Court recommended granting the motion to dismiss Grounds One and Two because they had not been exhausted. On March 19, 2010, the District Judge adopted the Findings and Recommendations, permitting Petitioner fifteen days to withdraw the unexhausted claims and to proceed on Ground Three or else face having the entire petition dismissed. (Doc. 20). On April 1, 2010, Petitioner filed the instant motion to proceed on Ground Three and to file an amended petition as to Ground Three. (Doc. 21). On April 3, 2010, the Court granted Petitioner's motion and on June 1, 2010, Petitioner filed his first amended petition, containing only Ground Three from the original petition. (Doc. 23).

On June 4, 2010, the Court ordered Respondent to file a response thereto. (Doc. 25). On September 10, 2010, Respondent filed the Answer to Ground Three. (Doc. 32). On September 15, 2010, Petitioner filed the instant motion to dismiss the first amended petition, in which Petitioner basically concedes that the case is moot because, since the federal district court's order discharging him from parole has been affirmed on appeal, he has already received the relief he was seeking in this case. (Doc. 34). Respondent has not filed an objection to Petitioner's motion to dismiss.

## DISCUSSION

Subject to other provisions of law, a Petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2) should be granted unless a defendant can show that it will suffer some plain legal prejudice as a result of the dismissal. See Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2010); see also Stevedoring Svcs. Of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989)(stating that the purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced...or unfairly affected by dismissal.") "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. Smith, 263 F.3d at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." See Smith, 263 F.3d at 976.

Here, Respondent had filed an answer before Petitioner filed his request for dismissal. No stipulation for dismissal has been filed in this case. See Fed. R. Civ. P. 41(a)(1). Accordingly, the motion to dismiss lies in the discretion of the Court, and the Court should grant Petitioner's motion unless Respondent will suffer legal prejudice thereby. Smith, 263 F.3d at 975. Certainly, Respondent has already expended considerable effort in this case, first by filing a motion to dismiss and by opposing the continuation of the case after Petitioner was paroled, and subsequently by filing a voluminous Answer to the remaining Ground Three in the instant petition.

Nevertheless, the issue before the Court is legal prejudice to Respondent. To date, Respondent has not filed an opposition to Petitioner's motion to dismiss nor has Respondent in any way suggested that Respondent would be legally prejudiced should the Court grant the motion to dismiss the petition. In his motion, Petitioner himself admits that the "relief provided him by the United States District Court in CV 05-6276-RSWL (OP), ordering him discharged

3

from all parole, and as affirmed by the Ninth Circuit Court of Appeals on July 22, 2010, Case No. 09-56880, has changed the circumstances of this case such that he has no ongoing controversy on which to proceed." (Doc. 34, p. 2).  This appears to be Respondent's position as well, as evidenced by Respondent's arguments in both the opposition to Petitioner's motion to continue the case and Respondent's objections to the Court's February 11, 2010, Findings and Recommendations.  (Docs. 17 & 19).

      Petitioner had sought to avoid dismissal of the instant petition unless and until the Ninth Circuit ruled on Respondent's appeal of the United States District Court's granting of his petition in Case no. CV 05-6276-RSWL (OP).  Reading between the lines of this chronology, it appears that Petitioner was simply seeking to keep his habeas corpus options open in this case until the relief he sought in the earlier case was secured by the Ninth Circuit's affirmance of the district court's order.  That has now occurred, and nothing in the record suggests that anything further benefit could be obtained by either party by allowing the first amended petition to proceed.  Under these circumstances, the Court concludes that Respondent would not be legally prejudiced by the dismissal of this action, and therefore recommends that Petitioner's motion to dismiss be granted.

## **RECOMMENDATION**

      For the foregoing reasons, the Court RECOMMENDS that Petitioner's Motion to Dismiss the first amended petition (Doc. 34), be GRANTED.

      This Findings and Recommendations is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty (20) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections

within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 29, 2010**                                  **/s/ Jennifer L. Thurston**
                                                                                           UNITED STATES MAGISTRATE JUDGE